UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHLOE WASHINGTON-CUNNINGHAM, et al.

                Plaintiffs,

                                                                         Case No. 24-cv-1286-bhl

      v.

MEGAN MYERS, et al,

                Defendants.
_____

## ORDER GRANTING MOTIONS TO DISMISS
_____

        On November 8, 2024, Plaintiffs Chloe Washington-Cunningham, Shawnita Cunningham, and Bridget Allen, through counsel, filed an amended complaint against Defendants Megan Myers, Jeff Kirwan, George Goldfarb, OpCapita LLP (OpCapita), and Maurices, Inc. (Maurices), alleging that Defendants violated Title VII of the Civil Rights Act of 1964 in connection with Plaintiffs' employment at a Maurices store in Milwaukee, Wisconsin. (ECF No. 6.) According to the amended complaint, Defendant Myers was, at relevant times, a "District Leader" for several Maurices stores throughout Wisconsin, Kirwan was CEO of Maurices, Goldfarb is the current CEO of Maurices, and OpCapita LLP is Maurices's parent company. (*Id.* ¶¶8–11.) On December 30, 2024, Maurices answered the amended complaint. (ECF No. 8.) That same day, Defendants Myers, Kirwan, and Goldfarb moved to dismiss Plaintiffs' claims against them on grounds that Title VII does not authorize claims against co-employees and only provides for liability against a plaintiff's employer. (ECF No. 9.) On January 23, 2025, Defendant OpCapita also moved to dismiss Plaintiffs' claims against it, arguing it is not subject to personal jurisdiction in this Court and, even if jurisdiction was available, it was not Plaintiffs' employer and thus cannot be sued under Title VII. (ECF Nos. 14 & 17.) Plaintiffs have not responded to either motion to dismiss and their time to do so has now passed. *See* Civ. L.R. 7(b) (requiring opposition briefs to be filed within 21 days of service).

        Defendants' motions will be granted for two independent reasons. First, Plaintiffs' failure to respond to the motions is sufficient to warrant granting them. *See* Civ. L.R. 7(d). Second,

Defendants are correct on the merits. Title VII prohibits an employer from discriminating against employees on the basis of race and other protected classifications. 42 U.S.C. § 2000e-2(a). The statute authorizes an aggrieved employee to sue her employer for violations of the statute, but not other individuals who are not the plaintiff's employer. *See Williams v. Banning*, 72 F.3d 552, 552–55 (7th Cir. 1995). A plaintiff cannot use Title VII to sue individual managers or executives at his or her employer. Accordingly, Plaintiffs' claims against Defendants Myers, Kirwan, and Goldfarb must be dismissed. Defendant OpCapita makes a similar argument, noting that Plaintiffs do not allege that it was their employer and thus it cannot be sued under Title VII. It also argues that the Court lacks personal jurisdiction over it. Both arguments are also correct on the merits. Plaintiffs have not alleged any facts sufficient to establish a *prima facie* case of personal jurisdiction over OpCapita. In fact, they have alleged almost no facts at all pertaining to OpCapita. And, even if they had, they have not alleged that OpCapita was their employer and thus subject to Title VII liability.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Megan Myers, Jeff Kirwan, and George Goldfarb's Motion to Dismiss, ECF No. 9, is **GRANTED**, and all claims against those defendants are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant OpCapita LLP's Motion to Dismiss, ECF No. 14, is **GRANTED**, and all claims against OpCapita are **DISMISSED** for lack of personal jurisdiction and for failure to state a claim.

Dated at Milwaukee, Wisconsin on February 19, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge